JOHN W. EVANS ET AL., PROSECUTOR, v. CITY OF PATERSON, RESPONDENT.

Submitted December 6, 1917—Decided January 31, 1918.

Under *Pamph L.* 1913, *p.* 394, a board of chosen freeholders is permitted to acquire, improve and maintain any road or roads lying within or extending through the corporate limits of any city in the county, the city retaining authority to light such road and power to construct, grade, curb, pave or repair the sidewalks and curbs along such road. An agreement was made by the county authorities of Passaic county with the city of Paterson to do the entire work upon condition that the city would pay twenty-five per cent. of such work, including the resetting of the curb. Assessments by the city of Paterson against property owners, for the city's share of the expense, under the above agreement are void, there being no power vested in the city to make such assessments under the above statute.

On *certiorari.*

Before Justices GARRISON, BERGEN and BLACK.

For the prosecutors, *John O. Benson, John F. Evans* and *J. W. DeYoe.*

For the respondent, *Francis Scott.*

The opinion of the court as delivered by

BLACK, J. The writ of *certiorari* in this case was issued, to bring before this court for review, assessments levied by the city of Paterson for the improvement of Vreeland avenue,

from Park avenue to Market street, and the proceedings on which the assessments are based. The board of chosen freeholders of Passaic county acquired that part of Vreeland avenue improved, lying within the corporate limits of the city of Paterson on May 20th, 1914, under the act of the legislature (*Pamph. L.* 1913, *p.* 394, *ch.* 218), which in turn was consented to by the city of Paterson on June 19th, 1914, in accordance with the provisions of the said act. By the terms of that act, "nothing herein shall divest the authorities of any city in which such road may be, or through which it may extend, of their authority to light such road, or of their power to construct, grade, curb, pave or repair the sidewalks and curbs along said road," &c.

Thereupon, the county authorities of Passaic county entered into an agreement with the city of Paterson that the county would do the entire work, upon condition that the city of Paterson would pay or contribute twenty-five (25) per cent. of the cost of what amounted practically to the building of the road and the resetting of the curbing. The contract of the county of Passaic for the entire improvement was a trifle over twenty-five thousand dollars—$25,229.50—twenty-five per cent. of that amounted to six thousand three hundred and five dollars and seventy-two cents ($6,305.72). But the assessments by the city of Paterson against the property owners included the resetting of the curb, the purchase of new curb, the redressing of part of the curb, building of an open back basin, some pipe and the making of house connections, with inspection, amounted to eight thousand seven hundred and twenty-six dollars and fifteen cents ($8,726.15); all of which, excepting about one thousand dollars ($1,000) was assessed against the property owners, a number of whom applied for and were allowed this writ of *certiorari* to review the assessments.

A number of reasons are assigned by the prosecutors for setting aside the assessments. These reasons are argued under four heads in the brief of the prosecutors. But we think this case can be disposed of upon a single point, and that is, the city of Paterson had no authority, under *Pamph.*

*L.* 1913, *p.* 394, or under any other statute, that has been brought to our attention, to impose twenty-five (25) per cent. of the cost of rebuilding Vreeland avenue, upon the property owners, after the county of Passaic acquired Vreeland avenue and had taken it over as a county road. We can find, as stated, no authority for any such proceeding, although it is attempted to be justified under the act of *Pamph. L.* 1910, *p.* 273, and to adopt the procedure set forth in *Pamph. L.* 1910, *p.* 536, manifestly this cannot be so. It is not a mere irregularity. It is a case where the city had no jurisdiction. It is like in principle to the case of *Groel* v. *City of Newark*, 78 *N. J. L.* 142, as a matter of fact, the city never did the work and never pretended to do any part of the work included in the county's contract. At best all that could be assessed would be the cost of curbing, which amounted to about two thousand dollars ($2,000). We do not even say this could be done, but assuming that it can, certainly there is no authority to impose upon the property owners, by way of assessments, any part of the cost, which the county of Passaic incurred in rebuilding Vreeland avenue. Therefore the assessments are set aside, with costs.